IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT L. STAGGS,

        Petitioner,

        vs.                            CIVIL ACTION
                                          No. 10-3113-SAC

JAMES HEIMGARTNER, et al.,

        Respondents.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. By its earlier order, the court directed petitioner to show cause why this matter should not be dismissed due to his failure to commence this matter within the one-year limitation period. Petitioner was provided a form pleading and was granted additional time to respond. The court has examined the resulting petition (Doc. 11) and enters the following order.

**Background**

Petitioner was convicted of aggravated robbery, aggravated kidnapping, and conspiracy to commit aggravated robbery in the District Court of Douglas County, Kansas, in 2003. *State v. Staggs*, 126 P.3d 1132 (Table)(Kan. App. 2006).

He presents two claims for habeas corpus relief, namely, that the district court erred in failing to instruct the jury on voluntary intoxication and that he was denied the effective assistance of counsel.

On petitioner's direct appeal, the Kansas Court of Appeals (KCOA) remanded the matter to the district court to conduct a hearing on the issue of ineffective assistance of counsel. Following that proceeding, the matter returned to the KCOA on claims presented by petitioner's counsel and claims raised by petitioner in a pro se pleading. The claims presented by counsel were: (1) the trial court erred in failing to instruct the jury on accomplice testimony and (2) there was insufficient evidence to support petitioner's conviction. The claims presented by petitioner were: (1) the trial court erred in failing to instruct the jury on the defense of voluntary intoxication, (2) his counsel was ineffective because he failed to present sufficient evidence to warrant that defense, and the court failed to instruct the jury on multiple counts. *State v. Staggs*, 185 P.3d 326, 2008 WL 2422704 (Kan. App. June 13, 2008). The Kansas Supreme Court denied review on November 4, 2008. Petitioner executed the petition in this matter on May 19, 2010.[1]

---

[1] Petitioner commenced this matter as a civil rights action pursuant to 42 U.S.C. § 1983, and the court liberally

As explained in the court's earlier order, a one year limitation period applies to an action brought pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d). Typically, this one year period runs from the date on which the judgment became final by the conclusion of direct review. § 2244(d)(1)(A).

Here, petitioner's conviction became final for habeas corpus purposes no later than ninety days after the Kansas Supreme Court denied review on November 4, 2008, upon the expiration of the time in which petitioner could seek review in the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Accordingly, the one year period began to run on approximately February 4, 2009, and expired one year later, in February 2010. Because petitioner did not execute the petition until May 19, 2010, the action was not filed within the one year limitation period. Finally, because petitioner has not shown any ground for equitable tolling, this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed due to petitioner's failure to commence this matter within the one year limitation period.

A copy of this order shall be transmitted to the peti-

---

construed the matter as a request for habeas corpus because petitioner seeks relief from his conviction.

tioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 5th day of July, 2011.


                                S/ Sam A. Crow
                                SAM A. CROW
                                United States Senior District Judge